## Case No. 1,280.

### BELMONT v. LAWRENCE.

[3 Blatchf. 119.][1]

Circuit Court, S. D. New York. Dec. Term, 1853.

CUSTOMS DUTIES—APPRAISAL AND ENTRY—UNDERVALUATION—PENALTY.

Where an invoice of quicksilver from London did not show that the article was the produce of Spain, and its invoice value was raised, by appraisal, to its true value in the London market, and the collector imposed duty on the additional value, and a penalty for the undervaluation, and the importer had not proved or offered to prove, before the appraisers or the collector, that the quicksilver was the produce of Spain: Held, that the additional duties and the penalty were properly imposed and collected, although the quicksilver was in fact the produce of Spain.

[See Hertz v. Maxwell, Case No. 6,432; Morris v. Maxwell, Id. 9,834; Roller v. Maxwell, Id. 12,025; McCall v. Lawrence, Id. 8,672.]

At law. This was a suit commenced in the supreme court of New York, [by August Belmont against Cornelius W. Lawrence,] and removed into this court by certiorari, to recover back an excess of duties exacted by the defendant, as collector of the port of New York. The plaintiff, in November, 1846, imported from London 500 bottles of quicksilver, invoiced there September 18th, 1845, at 3s. 6½d. per pound. On appraisal at the custom-house, the price was raised to 4s. 6d. per pound, as the true value of the article in the London market. An additional duty and penalty, amounting to $977.73, were paid November 28th, 1846, under a protest, "that the value stated in the invoice is the true Spanish market value of the goods." A witness on the trial testified that the quicksilver was the produce of Spain. But no evidence was given

that that fact was made known to the appraisers or to the collector, (although it might reasonably have been inferred from the testimony of one of the appraisers that they understood that the quicksilver was the produce of Spain), nor did the evidence show what was the market value of the article in Spain. [Judgment for defendant.]

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The court cannot look beyond the proofs set forth in the case for facts governing the rights of the parties. The invoice gives no intimation that the article was the produce of Spain, nor does the plaintiff show that he proved it to be such to the appraisers, or offered to make such proof to them or to the collector. He is bound to show that that fact was within their knowledge, or that they refused to receive evidence of it, before they can be charged with having illegally appraised the goods and assessed the duties. Had it been proved before them that the goods were the produce of Spain, the valuation would have been erroneous, and the imposition of extra duties unjustifiable. There is no proof before the court impeaching the justice of the appraisal, or the authority of the collector to impose and collect the additional duties. If the plaintiff is entitled to relief, it must be had by application to the treasury department. Judgment for defendant.